IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK02-81632 |
| | ) | |
| M & S GRADING, INC., | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | Filing No. 679, 685 |

<u>ORDER</u>

      Hearing was held in Omaha, Nebraska, on August 21, 2006, regarding Filing No. 679, Motion for Order to Show Cause to James Killips, Chapter 7 Trustee, filed by Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Contractors, Laborers, Teamsters and Engineers Pension Plan and their trustees, and Filing No. 685, Resistance, filed by the debtor. T. Randall Wright appeared for James Killips, Trustee, and Malcolm Young appeared for the movants.

      The Contractors, Laborers, Teamsters and Engineers Health, Welfare and Pension Plans and their trustees ("the plans") have filed a motion requesting the Chapter 7 trustee be required to show cause why he should not be found in contempt for failure to comply with an order entered on December 13, 2004, Filing No. 516. That order, entered before the trustee was in place, required the debtor to make the contractual and statutory contributions to the plans. The trustee responded and a hearing was held, evidence presented and post-hearing briefs filed.

      The motion is denied.

      The motion asserts that the trustee was required by the order to make monthly contributions to the plans from funds under his control. However, the funds under his control were subject to the perfected lien held by First National Bank of Omaha. Although the debtor-in-possession, prior to the appointment of the trustee, had permission to use cash collateral to pay the actual payroll and the contributions, it is not clear that such permissive use of cash collateral was also available to the trustee. When the trustee was appointed on December 22, 2004, the business was basically shut down for the winter and the trustee was forced to negotiate with First National Bank of Omaha for continuing use of the proceeds of receivables. There is no evidence the trustee, during the months of December 2004 and January 2005, was aware of the order, which was directed at the debtor-in-possession, or that the trustee intentionally failed to comply with the order.

      In addition, the motion is denied because the monetary relief requested is that the trustee

> be ordered by this Court to make the payment of the delinquent contributions and liquidated damages from any funds of M&S Grading, Inc. still existing and if such funds are no longer in existence because the M&S Funds were paid for other purposes or paid to creditors or for attorney's and Trustee's fees, and for violation of the Court's Orders, he be ordered to pay to the Plans the unpaid contributions and liquidated damages due to the Plans.

Such monetary relief is inappropriate. There is currently pending an adversary proceeding, Case No. A05-8071, brought by the trustees of the plans against First National Bank of Omaha and Trustee Killips requesting the same monetary relief. It is more appropriate to determine Trustee

Killips' liability to the plans through the mechanism of an adversary proceeding than it is through the use of the contempt power of the court.

      IT IS ORDERED: For the above reasons, the motion for order to show cause (Fil. #679) is denied.

      DATED this 13th day of October, 2006.

                                      BY THE COURT:

                                      /s/ Timothy J. Mahoney
                                      Chief Judge

Notice given by the Court to:
      T. Randall Wright
      *Malcolm Young
      U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.