IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>M&S GRADING, INC.,<br><br>Debtor.<br><br>CONTRACTORS, LABORERS,<br>TEAMSTERS AND ENGINEERS<br>HEALTH, & WELFARE PLAN,<br>CONTRACTORS, LABORERS,<br>TEAMSTERS AND ENGINEERS<br>PENSION PLAN, DEAN HIGHTREE,<br>KIM QUICK, TOM MERKSICK, CALVIN<br>G. NEGUS, VIC J. LECHTENBERG<br>AND EUGENE LEA, TRUSTEES,<br><br>Appellants,<br><br>v.<br><br>M&S GRADING, INC.,<br><br>Appellee. | 8:06CV693<br><br>BK02-81632<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on appellee M&S Grading Inc.'s motion to dismiss the appeal, to stay the appeal briefing schedule, and for expedited relief.  Filing No. 6.  In 2002, M&S Grading, Inc. ("M&S") filed its Chapter 11 petition and attempted to reorganize as a Chapter 11 debtor.  M&S agreed to continue making contribution payments to the Contractors, Laborers, Teamsters and Engineers Pension and Health and Welfare Plans ("the Plans"), and the Plans continued providing pension and health and welfare benefits to M&S's employees.  In 2004, M&S became delinquent in its contributions payments, and on December 13, 2004, the bankruptcy court entered an order requiring M&S to make

contribution payments to the Plans. Filing No. 13, Attachment 1 (Exhibit A).[1] James Killips ("Killips") was appointed to be M&S's Chapter 11 Trustee in December 2004. M&S's efforts at reorganization failed and in June 2005, it voluntarily converted the Chapter 11 case to a Chapter 7 case.

On June 19, 2006, the Plans filed a motion for order to show cause ordering Killips, the now Chapter 7 Trustee, to show cause for his failure to comply with the bankruptcy court's order requiring contributions to the Plans. Filing No. 13, Attachment 3 ("Exhibit C"). In their motion, the Plans allege that M&S has not made contribution payments for the months of November and December 2004, and January 2005. M&S filed a motion in resistance to the Plans' motion, and on August 21, 2006, the bankruptcy court held a hearing on the motion for order to show cause. Filing No. 13, Attachment 4 ("Exhibit D"). On October 13, 2006, the bankruptcy court entered an order denying the motion. Filing No. 5. The bankruptcy court stated that First National Bank of Omaha ("First National") held a perfected lien on the funds under Killips' control. The bankruptcy court noted that prior to Killips' appointment in December 2004, the debtor-in-possession had permission to use cash collateral to pay the contributions, but it remained unclear whether Killips had the same permissive use of cash collateral. The bankruptcy court further stated that "the business was basically shut down for the winter," forcing Killips to negotiate with First National for continued use of the proceeds of receivables. According to the bankruptcy court, no evidence exists that Killips was aware of the order or intentionally failed to comply with the order requiring contributions in December 2004 or January 2005, because the order was directed at the debtor-in-possession. The bankruptcy court found that the Plans'

---

[1] The bankruptcy court stated that M&S had "a contractual and statutory duty to timely make the contributions. If it is unable to do so, perhaps it should consider closing down." Filing No. 13, Attachment 1 ("Exhibit A").

request for monetary relief was inappropriate given that an adversary proceeding brought by the trustees of the Plans against First National and Killips requested the same monetary relief. The bankruptcy court further stated that it was more appropriate to determine Killips' liability to the Plans through the adversary proceeding, rather than through the court's contempt power. Filing No. 5.

Pursuant to 28 U.S.C. § 158(a),[2] the Plans filed an appeal of the bankruptcy court's order denying the Plans' motion for order to show cause. Filing No. 1. Killips, on behalf of M&S, then filed the motion to dismiss the appeal at issue, arguing that the order appealed is not reviewable, as it is not a final order. Filing No. 6. The Plans then filed a brief in opposition to the motion to dismiss. Filing Nos. 12, 17.

**DISCUSSION**

Pursuant to 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from final orders and interlocutory orders of the bankruptcy court. 28 U.S.C. § 158(a)(1)&(3) (2007). A party appealing an interlocutory order, rather than a final order, must first obtain leave of the district court. *Id.* On appeal, a district court reviews a bankruptcy court's findings of fact under the "clearly erroneous" standard, and conclusions of law are reviewed de novo. *In re Dakota Rail, Inc.*, 946 F.2d 82, 84 (8th Cir. 1991); Fed. R. of Bankr. P. 8013 (2007).

The Eighth Circuit adheres to a three-factor test for determining whether a bankruptcy court order is final under 28 U.S.C. § 158(d). Courts must consider "the extent

---

[2]District courts have jurisdiction to hear appeals from final judgments, orders, and decrees, or with leave of the court, from other interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(1)&(3) (2007).

to which (1) the order leaves the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." *Safeco Ins. Co. of Am. v. Farmland Indus. (In re Farmland Indus.)*, 296 B.R. 793, 800 (Bankr. Fed. App. 2003) (*quoting First Nat'l Bank v. Allen*, 118 F.3d 1289, 1293 (8th Cir. 1997)).  In this case, the court finds that these factors are not present.  First, the order denying the motion to show cause does not end or conclude the bankruptcy proceeding; rather, a court's denial of a motion for order to show cause is a pretrial order rather than a final decision, and is therefore, not immediately reviewable on appeal. *United States v. Brakke*, 813 F.2d 912, 913 (8th Cir. 1987).

Under the second factor, while delay may not be preferred by the Plans, it is an inevitable consequence of a bankruptcy proceeding while the court and the parties determine the estate's funds and the priority of claims.  Furthermore, the bankruptcy court stated in its order that the Plans' adversary proceeding requested the same monetary relief.  Therefore, the court finds that any delay in review does not prevent the Plans from obtaining effective relief.

The third factor does not support a finding of a final order either.  The Plans argue that if the bankruptcy court's show cause order is reversed, the Plans would be forced to initiate further litigation to recover contribution payments.  The Plans maintain that contribution payments are proper administrative expenses that may be recovered from First National Bank, but the Plans are completely and finally foreclosed from recovering those expenses.  The Plans further argue that the bankruptcy court's order operates as res

judicata and bars the Plans from relitigating issues of whether M&S's funds were actually encumbered, or whether Killips had knowledge of the payment order.  The court does not agree.  A later reversal would not require recommencement of the entire bankruptcy proceeding, as a show cause motion does not terminate the bankruptcy proceeding.  This is especially true given that the Plans have pursued an adversary proceeding to protect their financial interest.  Accordingly, the court finds that the bankruptcy court's denial of the motion for order to show cause does not constitute a final order under 28 U.S.C. § 158(d).

Lastly, the Plans argue that if this court finds that the bankruptcy court's show cause order is not a final order, that this court should grant leave and construe this as an interlocutory appeal under 28 U.S.C. § 158(a)(3) (2007);  Fed. R. of Bankr. P. 8003(c) (2007) (court may consider a timely-filed notice of appeal as a motion for leave to appeal).  However, a show cause order is an interlocutory order which is not appealable.  *In re Odom Enterprises, Inc.*, 22 B.R. 785, 789 (Bankr. D. Ark. 1982).  An interlocutory appeal is appropriate when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate determination of the litigation."  *Big Mac Marine, Inc. v. Jensen*, 305 B.R. 309, 311 (D. Neb. 2004) (ellipses and quotations omitted).  Here, trustee Killips' liability to the Plans does not involve a controlling question of law, it remains a factual decision, and the ultimate determination of the litigation is not retarded given that an adversary proceeding exists wherein the Plans request the same monetary relief.  The court finds that, in light of the foregoing, the Plans' appeal should be dismissed.

IT IS ORDERED that M&S's motion to dismiss the appeal, Filing No. 6, is granted. M&S's motion for an order staying the briefing schedule until this court ruled on the motion, Filing No. 6, is denied as moot.

DATED this 13th day of April, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge